FILED

2015 DEC -7  PM 2:41

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____np_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUDITH JEAN HOFFMAN,<br><br>Debtor.<br><br>JUDITH JEAN HOFFMAN,<br><br>Appellant,<br><br>v.<br><br>LESLIE T. GLADSTONE, Trustee; ROBERT HOFFMAN; HOFFMAN PROPERTIES,<br><br>Appellees. | Case No.: 15-CV-2581-BEN (KSC)<br><br>Bankruptcy No. 13-05478-MM7<br>Adversary No. 14-90098-MM<br><br>**ORDER:**<br><br>**(1) GRANTING APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING APPEAL** |

This case comes before the Court on appeal from the Bankruptcy Court for the Southern District of California.

On November 17, 2015, Appellant Judith Jean Hoffman filed a Notice of Appeal, seeking review of a November 3, 2015 "Ex Parte Motion to Extend Date of Transmission of Record on Appeal," filed by Trustee Leslie T. Gladstone. (Docket No. 1.) She also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Docket No. 2.) For the reasons stated below, Appellant's Motion to Proceed IFP is **GRANTED**, and the Appeal is **DISMISSED**.

## I. Appellant's Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

It appears Appellant receives $1696 per month in social security benefits. (Mot. 3.) She is not employed and has only $11.50 in cash and checking accounts. (*Id.*) Appellant's total monthly expenses amount to approximately $1655. (*Id.* at 5.) Although Appellant claims to own a home and a partnership interest in real estate, her home is in foreclosure and the partnership's real property is controlled by the ongoing bankruptcy proceedings. (*Id.* at 3.) Accordingly, Appellant has sufficiently shown that she cannot afford to pay the filing fees. Her Motion to Proceed IFP is therefore **GRANTED**.

## II. IFP Screening

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP cases which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees;" "interlocutory orders and decrees issued under section 1121(d) of title 11;" and "with leave of the court, from other interlocutory orders and decrees." A properly filed appeal with leave of court must include a timely notice of appeal and a motion for leave to appeal, which states "the facts necessary to

understand the question presented; the question itself; the relief sought; the reasons why leave to appeal should be granted; and a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004.

Based upon the Notice of Appeal, it appears Appellant is attempting to appeal from the Trustee's Motion. A motion is not a final order, decree, or judgment that this Court has jurisdiction to hear. *See* 28 U.S.C. § 158. Accordingly, the notice of appeal is frivolous and fails to state a claim.

If Appellant seeks to appeal from the *order* on the Trustee's motion, this Court declines to hear the matter pursuant to section 158(a)(3) and Rule 8004(d).

A final judgment, order or decree is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Under the Ninth Circuit's "pragmatic approach," an order is final and appealable "where it (1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed." *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000) (quoting *In re Lewis*, 113 F.3d 1040, 1043 (9th Cir. 1997)).

The order at issue here relates to the "transmission of record on appeal"—it has nothing to do with the merits of Appellant's bankruptcy petition. As a result, the order is interlocutory. Further, the order was not issued under 11 U.S.C. § 1121(d). Thus, the Court has discretionary jurisdiction to hear the appeal pursuant to section 158(a)(3).

Where the appellant fails to file the requisite motion for leave to appeal, Rule 8004(d) provides that the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." "In deciding whether to grant leave to appeal an interlocutory order under section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. § 1292(b), which governs review by courts of appeals of interlocutory district court orders." *Hogan Lovells US LLP v. Howrey LLP*, 2014 WL 6602687, at *2 (N.D. Cal. Nov. 20, 2014) (citations omitted). Under section 1292(b), such an appeal is appropriate if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may

materially advance the ultimate termination of the litigation."

Appellant did not file a motion for leave to appeal. In any event, the Court construes the notice of appeal as a motion for leave and denies the motion. In order to evaluate the motion for leave, the Court takes judicial notice of the Bankruptcy Court's November 2, 2015 "Order on Leslie T. Gladstone, Chapter 7 Trustee's Ex Parte Motion to Extend the Date of Transmission of the Record on Appeal," in Adversary Case No. 14-90098, Docket No. 144. *See* Fed. R. Evid. 201(c)(1).

The order dealt with the record on appeal required in *In re Judith Jean Hoffman*, No. 15-cv-2092, which was also before this Court. The Bankruptcy Court extended the date for the transmission of the record on appeal to November 24, 2015 because "it [was] almost certain" that the appeal would be dismissed and the expense of transmission would be unnecessary.

Whether to extend the time to transmit a record on appeal does not involve a controlling question of law. There is not substantial grounds for difference of opinion over when to transmit a record. Nor would the instant appeal "materially advance the ultimate termination" of the Adversary Case.

On November 20, 2015, the appeal No. 15-cv-2092 was dismissed. Thus, the Bankruptcy Court was correct in its prediction that the transmission would be unnecessary. Accordingly, a decision on the instant appeal would have no effect. The Court therefore exercises its discretion and denies Appellant's motion for leave to appeal.

## CONCLUSION

Appellant's Motion to Proceed IFP is **GRANTED**. The appeal is **DISMISSED** pursuant to Federal Rule of Bankruptcy 8004(d). The Clerk may close the case.

**IT IS SO ORDERED.**

DATED: December ___, 2015

HON. ROGER T. BENITEZ
United States District Judge